FILED

DEC 10 2013

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PAUL HICKER,<br><br>                          Petitioner,<br><br>          v.<br><br>SAN DIEGO COUNTY SUPERIOR COURT,<br><br>                          Respondent. | Civil No.  13cv2957-WQH (JMA)<br><br>**ORDER DENYING APPLICATION FOR STAY OF STATE COURT SENTENCE** |

      Petitioner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his misdemeanor conviction in the San Diego County Superior Court for driving a motor vehicle with a blood alcohol level of .08% or higher in violation of California Vehicle Code section 23152(b). (Pet. at 1-2.) Petitioner was sentenced to 96 hours in jail along with other conditions, and, after being credited with 24 hours of custody, had the remaining jail time stayed pending resolution of state appellate proceedings. (Pet. at 2.) Petitioner indicates that his state appellate proceedings have now concluded and he is scheduled to begin serving his remaining jail time on December 11, 2013, and seeks a stay of that sentence pending resolution of his federal habeas Petition. (Id.)

      This Court has authority to issue a stay of a state court sentence pending resolution of federal habeas proceedings. See 28 U.S.C. § 2251(a)(1). Prior to issuance of a such a stay, the district court should consider: (1) whether Petitioner has made a showing of likelihood of

success on the merits of his Petition; (2) whether irreparable injury will result if the stay is not granted; (3) whether a stay would substantially harm the parties; and (4) whether granting a stay would serve the public interest. In re Holladay, 331 F.3d 1169, 1176 (11th Cir. 2003). Here, none of these factors favors issuance of a stay.

Petitioner has not demonstrated a likelihood of success on the merits of his Petition. He alleges that his Sixth Amendment right to confront witnesses against him was denied when a trial witness was permitted to testify as to the results of the blood alcohol analysis performed by another analyst who did not testify. (Pet. at 6.) He contends that he has not presented this claim to the state supreme court because that Court has indicted in a similar case that such a procedure does not violate the federal Confrontation Clause.[1] (Pet. at 6, citing People v. Lopez, 55 Cal.4th 569 (2012), cert. denied, 133 S.Ct. 1501 (2013).) The Ninth Circuit has indicated, however, that the Supreme Court has left open the question regarding whether someone other than the primary author of such a report may be permitted to testify in place of the primary author. See Meras v. Sisto, 676 F.3d 1184, 1192 (9th Cir. 2012), citing Bullcoming, 564 U.S. ___, 131 S.Ct. 2705, 1190-91 (2011), and id., 131 S.Ct. at 2722 (Sotomayor, J. concurring).

"As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770, 786-87 (2011). The Supreme Court has stated that "[i]f this standard is difficult to meet, that is because it was meant to be . . . [as it] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court decision conflicts with this Court's precedents." Id. at 786 ("Section 2254(d) reflects the view that habeas corpus is a

---

[1] Petitioner alleges that he has exhausted his state court remedies with respect to this claim because he does not have the right under California procedure to appeal his misdemeanor conviction to the state supreme court, and because filing a habeas petition in the state supreme court would be futile because the state supreme court in Lopez has foreclosed relief. (Pet. at 5-6.) The Court makes no determination regarding exhaustion at this time, and Respondent is free to argue that Petitioner is required to seek relief in the state supreme court in order to fully exhaust state court remedies. See e.g. Engle v. Issac, 456 U.S. 107, 130 (1982) (rejecting futility argument because state courts may reconsider previous holdings).

guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.") (internal quotation marks omitted).

Although Petitioner may eventually be able to satisfy that standard in this case after briefing, an issue this Court does not reach at this time, he has not shown, at this stage in the proceedings, that there is a reasonable likelihood of success on the merits of his claim. Neither has Petitioner shown irreparable injury or substantial harm in serving the remaining 72 hours of his sentence imposed on a conviction which was stayed pending appeal and which has been upheld on appeal, or how staying such a sentence would serve the public interest.

Petitioner's Motion for a Stay is **DENIED**. A scheduling order will issue in the matter forthwith.

**IT IS SO ORDERED.**

DATED: 12/10/13

William Q. Hayes
United States District Judge

Copies to:   ALL PARTIES