# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PAUL HICKER,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO,<br><br>　　　　　　　　Respondent. | Civil No.   13-CV-2957 WQH (JMA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

## I.　INTRODUCTION

Petitioner George Paul Hicker ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("the Petition") under 28 U.S.C. § 2254, challenging his conviction in San Diego Superior Court case number CN251716. [Doc. No. 10.] Respondent Superior Court for the State of California, County of San Diego ("Respondent") filed a motion to dismiss the Petition, contending Petitioner has failed to exhaust his state remedies on his Sixth Amendment Confrontation Clause claim. [Doc. No. 6.] Petitioner timely opposed the motion. [Doc. No. 7.]

The Court has reviewed the parties' papers, as well as the record, and for the following reasons, RECOMMENDS United States District Judge William Q.

Hayes adopt the finding that Petitioner has exhausted his state court remedies. The Court further RECOMMENDS that the motion to dismiss be DENIED with prejudice, and the Petition be allowed to proceed on the merits.

On February 20, 2009, a San Diego Superior Court jury found Petitioner guilty of violating Vehicle Code § 23152(b), driving with a blood alcohol level in excess of .08, with a prior Vehicle Code § 23152(b) conviction. [Pet. at 2:24-27.] Thereafter, Petitioner was sentenced to five years of summary probation, 96 hours jail with credit for 24 hours, 5 days weekend work release, an 18-month alcohol program, a Mothers Against Drunk Driving panel class, a fine of $2,408.00, and other terms as set forth in the Misdemeanor - Traffic Judgment Minutes. [Respondent's Lodgment 1.]

Petitioner challenges his conviction in this Court with the instant habeas corpus action, pursuant to 28 U.S.C. § 2254. Specifically, he claims the trial court's admission of testimony by a blood sample analyst who did not perform the blood tests in question should not have been admitted into evidence, as it violated Petitioner's Sixth Amendment right to confront the analyst who actually performed the analysis. Petitioner maintains he would not have been convicted of violating Vehicle Code § 23152(b) if his Sixth Amendment Confrontation Clause objections to the evidence about his blood alcohol level had been sustained by the trial court judge. [Pet. at 4:2-15.]

## II. BACKGROUND FACTS

On August 28, 2008, at 10:48 p.m., Petitioner was driving under the influence with a .142% blood alcohol content, over .06% greater than the legal maximum. [Resp. Mot. at 2:2-3.] Petitioner was pulled over and two deputy sheriffs made contact with him, whereupon they performed field sobriety tests after noticing Petitioner's red and watery eyes. [Id.] After his arrest, a sample of Petitioner's blood was taken and tested by the San Diego County Sheriff's Crime Laboratory. [Pet. at 9:6-7.] The District Attorney's office filed a complaint against

1  Petitioner on January 23, 2009, charging him with three counts: Count One -
2  driving under the influence of alcohol, a violation of Vehicle Code § 23152(a);
3  Count Two - driving with a measurable blood alcohol level above .08, a violation
4  of Vehicle Code § 23152(b); and Count Three - driving with an open container,
5  a violation of Vehicle Code § 23222(a). [Resp. Mot. at 2:4-9.] Petitioner pled not
6  guilty to the charges. [Pet. at 9:11.] Count Three was dismissed at trial on the
7  People's motion. [Resp. Mot. at 2:9.]  After a jury trial (discussed below),
8  Petitioner was acquitted of the charge of driving under the influence of alcohol
9  and convicted of the charge of driving with a blood alcohol level of 0.08% or
10 greater. [Pet. at 9:11-13.]

11     The two week jury trial began February 9, 2009 in the Superior Court for
12 the County of San Diego in Vista, California. [Id. at 9:14-16.] The prosecution
13 called witness Jorge Peña ("Peña"), an analyst employed by the San Diego
14 Crime Laboratory where Petitioner's blood sample was analyzed for blood
15 content. Peña did not perform the analysis of Petitioner's blood. Rather, the
16 analysis was performed by another lab technician, Raegan Carter ("Carter"). [Id.
17 at 9:19-21.] Peña was not present during the analysis of Petitioner's blood
18 sample, nor did he supervise Carter. [Id. at 9:21-22.] After the analysis was
19 completed and reported by Carter, Peña reviewed her report. [Id. at 9:24-10:1.]

20     During direct examination of Peña, the prosecutor asked about the analysis
21 of Petitioner's blood performed by Carter. [Id. at 10:4-5.] Petitioner objected to
22 Peña's testimony about the blood alcohol work performed by Carter on the
23 grounds the testimony violated his Sixth Amendment right to confrontation. The
24 objection was overruled. [Id. at 10:6-9.] The trial court granted the request by
25 Petitioner's counsel that his Sixth Amendment objection continue throughout the
26 prosecutor's line of questioning. The prosecutor then asked Peña if he had an
27 opinion about the accuracy of the blood alcohol results based upon the work
28 performed by Carter. Again, Petitioner objected based on the Sixth Amendment.

The objection was overruled. [Id. at 10:15-19.] Peña provided his opinion that the blood alcohol results were accurate and testified the blood alcohol level was .142. The blood alcohol report was then introduced into evidence. A jury subsequently convicted Petitioner for violation of Vehicle Code § 23152(b). [Resp. Mot. at 2:14-15.]

Petitioner argues the analysis set forth in the United States Supreme Court decisions of Bullcoming v. New Mexico, 131 S.Ct. 2705 (2011), and Michigan v. Bryant, 131 S.Ct. 1143 (2011), applies to the determination of whether Peña's testimony should have been permitted in Petitioner's trial. [Pet. at 17:5-13.]

### III. PROCEDURAL HISTORY

Petitioner appealed his conviction to the Appellate Division of the San Diego Superior Court. The Appellate Division affirmed Petitioner's conviction, finding it was in alignment with recently decided California Supreme Court decisions, mainly People v. Lopez, 55 Cal.4th 569 (2012), dealing with confrontation. [Resp. Mot. at 2:16-21; Resp. Lodgment 2.]

After the Appellate Division affirmed his conviction, Petitioner filed in the Appellate Division an application for certification for transfer to the California Court of Appeal. The application was denied on March 25, 2013. [Pet. at 4:16-18.] Petitioner then filed a petition for transfer in the California Court of Appeal, Fourth Appellate District, Division One. The Court of Appeal denied the petition on April 16, 2013. [Id. at 4:18-21; Resp. Lodgment 3.] Next, Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court on July 11, 2013. The petition was denied on October 7, 2013. [Id. at 4:22-24; Resp. Lodgment 4.] Finally, Petitioner filed the instant Petition on December 5, 2013. Petitioner did not file a writ of habeas corpus in the California Supreme Court prior to initiating this action. [Pet. at 5:12-15; Resp. Mot. at 2:27-29.]

//
//

## IV. DISCUSSION

The exhaustion of available state judicial remedies generally is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. *See* Rose v. Lundy, 455 U.S. 509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). Title 28 of the United States Code § 2254(b)(1) provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C.A. § 2254(b)(1), (c).

To satisfy the exhaustion requirement, a petitioner must first provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his [or her] constitutional claim. Anderson v. Harless, 459 U.S. 4, 6 (1982). In addition, the petitioner must have 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim. Id. Exhaustion is accomplished if the state's highest court had an opportunity to rule on the merits of the claim. Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982)(citing Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979.) If the claim was not presented to the state's highest court on direct appeal, state collateral remedies must have been exhausted. Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986.)

Here, Petitioner admits he did not present his claim to the California Supreme Court by way of either a petition for review or a habeas corpus petition. [See Pet. p. 1-8.] Generally, claims that are not presented to the state's highest court are unexhausted; however, here Petitioner was procedurally prohibited from raising his claim before the California Supreme Court.

The exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." Gray v. Netherland, 518 U.S. 152, 16-62 (1996), *quoting* Castille v. Peoples, 489 U.S. 346, 351 (1989); Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002) (a procedurally barred claim satisfies exhaustion requirement), *citing* Philips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'"). As discussed below, Petitioner was procedurally barred from raising his claim before the California Supreme Court and the exhaustion requirement must be deemed satisfied.

### A. Petitioner was Barred From Filing a Petition for Review with the California Supreme Court.

California Rule of Court 8.500(a)(1) provides:

> A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order, except the denial of a transfer of a case within the appellate jurisdiction of the superior court.

Cal. Rules Ct. 8.500(a)(1).

Here, Petitioner appealed his conviction to the Appellate Division of the San Diego Superior Court. The Appellate Division affirmed Petitioner's

1 conviction. Then, Petitioner filed in the Appellate Division an application for
2 certification for transfer to the California Court of Appeal. That application was
3 denied. Petitioner then filed a petition for transfer in the California Court of
4 Appeal, Fourth Appellate District, Division One, which was denied. Because the
5 Court of Appeal denied transfer of a case within the appellate jurisdiction of the
6 Superior Court, Rule of Court 8.500(a)(1) barred Petitioner from filing a petition
7 for review with the California Supreme Court.

### B. Petitioner's Claim Could Not Be Raised by Habeas Petition to the California Supreme Court.

Respondent also argues Petitioner's claim is unexhausted because he could have presented his claim to the California Supreme Court by filing a habeas petition. The Waltreus rule provides, "In the absence of strong justification, any issue that was actually raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus." In re Harris, 855 P.2d 391, 393 (Cal. 1993); *see* In re Waltreus, 397 P.2d 1001, 1005 (Cal. 1965). The Waltreus rule prohibits a petitioner from making the same claims made on direct appeal by way of a state habeas petition. The California Supreme Court in In re Reno declined to address renewed claims, "noting simply that 'these arguments were rejected on appeal, and habeas corpus ordinarily cannot serve as a second appeal." In re Reno, 55 Cal.4th 428, 477 (2012), *quoting* In re Waltreus, 62 Cal.2d 218, 225 (1965); *see* Hill v. Roe, 321 F.3d 787 (9th Cir. 2002); *see also* White v. Ollison, 592 F.Supp.2d 1227 (C.D. Cal. 2008). "If an issue has been raised and rejected first at trial and then on appeal, no reason exists to permit what amounts to a third bite of the apple." In re Reno, *supra*, 55 Cal.4th at 477.

In the instant case, Petitioner, in his direct appeal, argued the trial court, over Petitioner's objection, permitted Peña to testify about the blood alcohol analysis performed by another person on Petitioner's blood sample. [Pet. at 3:19-27.] Petitioner further argued that Peña had no direct participation in the actual

analysis of the blood, and that Carter, the actual analyst, never testified at the trial. [Id.]  Lastly in his direct appeal, Petitioner argued the actual blood report, reflecting the analysis by Carter, should not have been admitted into evidence as it violated Petitioner's Sixth Amendment right to confront the analyst who actually performed the analysis, but who did not testify at trial. [Id. at 4:1-7.]

Accordingly, if Petitioner had, following the appellate division's affirmation of the superior court's judgment, filed a petition for a writ of habeas corpus with the California Supreme Court raising this argument again, such petition would have served as Petitioner's "second appeal" [see Reno, 55 Cal.4th at p. 477], or "a third bite of the apple." [Id.]  This is because Petitioner had already had the opportunity to present his case on the merits at trial and then on appeal.  As the above cited cases demonstrate, California courts have ruled that a second appeal, in the form of a petition for a writ for habeas corpus, is impermissible under California law.

In sum, Petitioner was prohibited by California Rule of Court 8.500(a)(1) from petitioning the California Supreme Court for review.  A party may not file a petition for review in the Supreme Court after a denial of a transfer of a case within the appellate jurisdiction of the superior court, which occurred here.  The Waltreus rule further barred Petitioner from pursuing his claim by habeas petition to California's highest court.  Thus, although Petitioner did not present his claim to the California Supreme Court, his claims are effectively exhausted.

## V.     CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Motion to Dismiss.

**IT IS ORDERED** that no later than **August 4, 2014** any party to this

action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 15, 2014.**  The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED:  July 18, 2014

_____
Jan M. Adler
U.S. Magistrate Judge