1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

GEORGE PAUL HICKER,                          CASE NO. 13CV2957-WQH (JMA)

11

                                    Petitioner,   ORDER

vs.

12

SAN DIEGO SUPERIOR COURT,

13

                                    Respondent.

14

HAYES, Judge:

15

    The matter before the Court is the review of the Report and Recommendation

16

(ECF No. 9) issued by United States Magistrate Judge Jan M. Adler, recommending

17

that this Court deny the Motion to Dismiss (ECF No. 6) filed by Respondent..

18

**I. Background**

19

    On August 28, 2008, Petitioner George Paul Hicker was arrested for driving

20

under the influence of alcohol.  (ECF No. 1 at 11).  Petitioner was charged with the

21

misdemeanor offenses of driving under the influence of alcohol and driving with a

22

blood alcohol level of 0.08% or higher, in violation of sections 23152(a) and 23152(b)

23

of the California Vehicle Code, respectively.  *Id.*  At trial, one of the witnesses called

24

to testify was Jorge Peña.  *Id.*  Peña testified that the blood alcohol tests performed on

25

Petitioner's blood sample were accurate and showed a blood alcohol level of .142%.

26

*Id.* at 11-12.  Peña was not present during the analysis of Petitioner's blood sample and

27

did not supervise the analysis of Petitioner's blood sample.  *Id.* at 11.  Petitioner's

28

counsel objected to the testimony on Sixth Amendment grounds, contending that it

violated petitioner's right to confrontation. *Id.* at 12. The San Diego County Superior Court overruled the objection. *Id.* Petitioner was convicted of driving with a blood alcohol level of 0.08% or higher, but found not guilty of driving under the influence. *Id.* at 12-13.

Petitioner appealed his conviction to the Appellate Division of the Superior Court of the County of San Diego, contending that Peña's testimony violated his rights under the Confrontation Clause. *Id.* at 13. On February 21, 2013, the Appellate Division affirmed his conviction, relying primarily on *People v. Lopez*, 55 Cal. 4th 569 (2012), dealing with confrontation. (Respondent's Lodgement 2, ECF No. 6-2 at 7).

Following the Appellate Division's decision, Petitioner filed in the Appellate Division an application for certification for transfer to the California Court of Appeal. (ECF No. 1 at 17). On March 25, 2013, the Appellate Division denied the application. *Id.* at 4. Petitioner then filed a petition for transfer in the California Court of Appeal, Fourth Appellate District, Division One. *Id.* On April 16, 2013, the Court of Appeal denied the petition. (Respondent's Lodgment 3, ECF No. 6-2 at 10). Petitioner did not seek direct review or habeas relief from the California Supreme Court. (ECF No. 1 at 16-18). On July 11, 2013, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court. *Id.* at 4. On October 7, 2013, the United States Supreme Court denied the petition for a writ of certiorari. (Respondent's Lodgment 4, EC No. 6-2 at 12).

On December 9, 2013, Petitioner filed a Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner alleges that his Sixth Amendment right to confrontation was violated by Peña's testimony at trial. *Id.* at 18-20. On January 21, 2014, Respondent filed the Motion to Dismiss, contending that Petitioner failed to exhaust his state court remedies. (ECF No. 6). On February 10, 2014, Petitioner filed an opposition. (ECF No. 7).

On July 18, 2014, United States Magistrate Judge Jan M. Adler issued the Report and Recommendation, recommending that the Motion to Dismiss be denied. (ECF No.

9).  The Magistrate Judge stated that "[t]he exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law."  *Id.* at 6 (citing *Gray v. Netherland*, 518 U.S. 152 (1996); *Engle v. Isaac*, 456 U.S. 107 (1982); and *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002)).  The Magistrate Judge found that Petitioner was procedurally barred from directly appealing his conviction to the California Supreme Court pursuant to California Rule of Court 8.500(a)(1), *id.* at 6-7, which provides:

> A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order, except the denial of a transfer of a case within the appellate jurisdiction of the superior court.

Cal. Rules Ct. 8.500(a)(1).  The Magistrate Judge further found that had petitioner instead filed a petition for a writ of habeas corpus with the California Supreme Court, "such petition would have served as Petitioner's 'second appeal'" pursuant to *In re Reno*, 55 Cal. 4th 428 (2012), which is "impermissible under California law."  (ECF No. 9 at 8).  The Magistrate Judge concluded that Petitioner's claims were exhausted, notwithstanding the fact that "Petitioner did not present his claim to the California Supreme Court."  *Id.* at 8.

The docket reflects that neither party filed objections to the Report and Recommendation.

## II.  Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).  When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  When no objections are filed, the district court need not review the report and recommendation de novo.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).  A district court may "accept, reject, or modify, in whole or in part, the findings

1  or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28

2  U.S.C. § 636(b)(1).

3      Neither party objected to the Report and Recommendation, and the Court has

4  reviewed the Report and Recommendation in its entirety.  Respondent has failed to

5  demonstrate that the Petition must be dismissed for a failure to exhaust state remedies.

6  The Court adopts the Report and Recommendation in its entirety.

7  **III.  Conclusion**

8      IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED

9  in its entirety.  (ECF No. 9).  IT IS FURTHER ORDERED that the Motion to Dismiss

10  (ECF No. 6) is DENIED.

11  DATED:  August 26, 2014

12  **WILLIAM Q. HAYES**
United States District Judge